JOHN FREDERIC WHERRY, PLAINTIFF-APPELLEE, v.
PUBLIC SERVICE RAILWAY COMPANY, A CORPORA-
TION, DEFENDANT-APPELLANT.

Argued June 6, 1923—Decided November 7, 1923.

Negligence—Automobile Collision With Trolley Car—Contribu-
tory Negligence and the Proper Charge Therein Considered.

On appeal from the District Court of the Second Judicial
District of Essex county.

Before Justices KALISCH and KATZENBACH.

For the defendant-appellant, *Leonard J. Tynan*.

For the plaintiff-appellee, *Blair Reiley* and *Shelton Pitney*.

PER CURIAM.

This is an appeal by the Public Service Railway Com-
pany from a judgment rendered against it in the District
Court of the Second Judicial District of the county of
Essex.

The judgment was for damages arising from a collision
between the automobile of the plaintiff and a trolley car of
the defendant. The plaintiff, in a Ford sedan, was driving
his car west on Clinton avenue, in the city of Newark. A
stop was made to let traffic cross at Bergen street. The
plaintiff's version of what occurred is that he then started
up his car after the traffic had crossed Bergen street and
followed another automobile which was ahead of him; that
there was a truck parked on the right-hand side of Clinton
avenue, and as he came to this truck he slowed up his car
in passing the truck; that when the front wheels of his
automobile came to the front wheels of the standing truck
the left front wheel of his car was struck by the trolley car
and this swung his automobile over towards the truck. His
automobile was then lifted up by the trolley car and badly

damaged. The defendant claimed that the plaintiff's automobile hit the trolley car in endeavoring to turn out of the way of the standing truck.

The first ground of appeal is that the trial court should have granted the defendant's motion to nonsuit on the ground of the plaintiff's contributory negligence. The evidence was conflicting. It raised a jury question as to the plaintiff's contributory negligence. This question was properly submitted to the jury.

The second ground of appeal is that the trial court erred in refusing to charge the following request submitted by the defendant: "If the plaintiff contributed to the collision, he cannot recover." This request was, in our opinion, properly refused. It did not state the law on the subject of contributory negligence correctly. Mr. Justice Depue, in the case of *Express Company* v. *Nichols,* 33 *N. J. L.* 434 said: "In many cases where the plaintiff's conduct was to some extent contributory to his injury, he has been allowed to recover. In fact it would be difficult to conceive that the conduct of the party injured might not, in some sense, be said to have contributed to his injuries. To conclude him from maintaining his action his conduct must have been negligent, and his negligence must have contributed to the injury in such a way that if he had not been negligent he would have received no injury from the negligence of the defendant."

The next ground of appeal argued is that the trial court erred in refusing to charge the following request of the defendant: "The motorman was bound to use reasonable care in the operation of a trolley car and the same duty was imposed on the plaintiff." This request is ambiguous in its form. It may be construed that the court was asked to charge the jury that the duty of using reasonable care in the operation of a trolley car was imposed on the plaintiff. This made it such a request that the trial court could properly refuse to charge. Moreover, it is in its form abstract. The court charged succinctly the concrete facts of the case. A trial court is not obliged to charge an abstract request when it has charged concretely.

The judgment is affirmed.